PER CURIAM.
We reverse the trial court’s summary Order of Direct Criminal Contempt entered pursuant to Florida Rule of Criminal Procedure 8.880. As the state correctly concedes, appellant was denied due process of law because the trial court’s order is based on instances of alleged misconduct that occurred outside the court’s presence over the course of six months, and not solely in open court “where immediate punishment is essential to prevent ‘demoralization of the court’s authority ... before the public.’ ” In re Oliver, 333 U.S. 257, 275-76, 68 S.Ct. 499, 92 L.Ed. 682 (1948) (holding that if some of the essential elements of the offense are not personally observed by the trial court, thereby requiring statements made by others attesting to the offense, due process requires that the accused be accorded notice and a fair hearing). Consequently, the cause is remanded for further proceedings affording appellant the procedural safeguards as appear in Florida Rule of Criminal Procedure 3.840.
REVERSED and REMANDED with instructions.
ROBERTS, SWANSON, and BILBREY, JJ., concur.